FILED - GR
January 19, 2012 3:14 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY mkc /____ SCANNED BY: /ML  1/20/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BABUBHAI RATHOD, aka "Dr. Bob,"
RAJESH MAKWANA,
RAJU NAKUM,
LINO S. DIAL, Jr., D.O.,
NATALIE SCHUTTE, P.A.,
NITI THAKUR, M.D.,
ANDRE BLAIR SMITH, M.D., and
MUHAMMAD SALMAN RAIS, M.D.,

    Defendants.
_____/

No. **1:12-cr-17**

Hon. **Janet T. Neff**
U.S. District Judge

INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### The Medicare and Medicaid Programs

1.    Medicare is a federally-funded program administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency within the United States Department of Health and Human Services. Medicare provides health insurance for, among others, persons aged 65 and older, certain younger people with disabilities, and people with end-stage renal disease. Individuals who receive benefits under Medicare are referred to as Medicare beneficiaries. Medicare is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

2. The Medicare Program includes coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B). Part A of the Medicare Program covers, among other services, certain eligible home health care costs for medical services provided to beneficiaries because of an illness or disability that causes them to be homebound. National Government Services is a company that contracts with CMS to processes and pay certain Part A claims. Part B of the Medicare Program covers the costs of physicians' services and other ancillary services not covered by Part A. Wisconsin Physicians Service ("WPS") is a company that contracts with CMS to process and pay certain part B claims.

3. Payments under the Medicare Program are often made directly to the provider of the goods or services, rather than to the beneficiary. This direct payment occurs when the provider submits claims to Medicare for payment, either directly or through a billing company.

4. Physicians, clinics, and other health care providers including home health agencies are able to apply for and obtain a Medicare "provider number." A health care provider who is issued a Medicare provider number is able to file claims with Medicare to obtain reimbursement for services provided to Medicare beneficiaries. A valid Medicare claim must set forth, among other things, the beneficiary's name, the date the service was provided, the cost of the service, and the name and identification number of the physician or health care provider who ordered the service.

5. Medicaid is a federally-assisted grant program for the states. CMS administers the federal assistance to Medicaid. At the state level in Michigan, the Department of Community Health, Medical Services Administration, an agency of the State of Michigan, administers Medicaid. Medicaid provides health insurance to Michigan residents who are indigent or otherwise do not have traditional insurance coverage. Physicians, clinics, and other

health care providers including home health agencies are able to apply for and obtain a Medicaid "provider number." A health care provider who is issued a Medicaid provider number is able to file claims with Medicaid to obtain reimbursement for services provided to Medicaid beneficiaries. A valid Medicaid claim must set forth, among other things, the beneficiary's name, the date the service was provided, the cost of the service, and the name and identification number of the physician or health care provider who ordered the service. Medicaid is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

The Defendants

6. BABUBHAI RATHOD, a resident of Ingham County, Michigan, is the owner and operator of numerous medical offices, outpatient rehabilitation clinics, and home health care companies and was previously licensed in the State of Michigan as a physical therapist. BABUBHAI RATHOD owns and operates Lakeshore Spine & Pain, a company registered at 5511 West U.S. Highway 10, Ludington, Michigan 49431, which provides, among other things, physical medicine services. Lakeshore Spine & Pain operates a number of other health care companies, including: Lakeshore Health Care Services; Lakeshore Family Practice; Lakeshore Health Park; Accessible Urgent Care; Accessible Health Center/Urgent Care; After Hours Urgent Care; and James Street Clinic Services.

7. BABUBHAI RATHOD also owns and operates Lakeshore Visiting Physicians, a company organized under Lakeshore Spine & Pain. Lakeshore Visiting Physicians, located at 1380 East Main Street, Edmore, Michigan 48829, provides house calls and in-home medical services. Lakeshore Visiting Physicians also coordinates services such as physical therapy and home health care for its patients.

8. BABUBHAI RATHOD also owns and operates U.S. Rehab Services, P.C., a company registered at 555 South Mission Street, Mt. Pleasant, Michigan 48858 that operates clinics throughout the State of Michigan which provide staffing and outpatient rehabilitation services. U.S. Rehab Services, P.C., also transacts business as Physical Therapy & More and Clare Physical Therapy.

9. BABUBHAI RATHOD also owns and operates U.S. Rehabilitation Services, Inc., a company registered at 5511 West U.S. Highway 10, Ludington, Michigan 49431 that provides outpatient rehabilitation services.

10. In addition to U.S. Rehab Services, P.C., and U.S. Rehabilitation Services, Inc., BABUBHAI RATHOD also owns and operates a number of other outpatient rehabilitation clinics throughout the State of Michigan, and elsewhere, including but not limited to the Michigan Institute of Rehabilitative Services, Mission Physical Therapy, Inc., and Emerald Physical Therapy.

11. BABUBHAI RATHOD also owns and operates at least three home health care entities that provide home health care services to patients throughout the State of Michigan. Those entities include, but are not limited to: Lakeshore Home Health Care, Inc, a company registered at 5511 West U.S. Highway 10, Ludington, Michigan 49431; Lakeshore Home Care, Inc., a company registered at 1380 East Main Street, Edmore, Michigan 48829; and Lakeshore Home Care Services, Inc., a company registered at 1105 South Mission Street, Mt. Pleasant, Michigan 48858.

12. BABUBHAI RATHOD pays illegal remuneration, and directs others to pay illegal remuneration, to employees of his various companies and to independent health care providers for the referral of beneficiaries who receive electrodiagnostic testing, physical therapy,

and home health care services that are billed to Medicare and Medicaid by one or more of the companies owned and operated by BABUBHAI RATHOD.

13. RAJESH MAKWANA is an Indian citizen who is working in the United States on an H-1B visa. MAKWANA is the administrator and systems analyst at Lakeshore Spine & Pain and is the registered agent of U.S. Rehabilitation Services, Inc. MAKWANA recruits health care professionals to refer beneficiaries who receive electrodiagnostic testing, physical therapy, and home health care services that are billed to Medicare and Medicaid by one or more of the companies owned and operated by BABUBHAI RATHOD. In return for such referrals, MAKWANA pays illegal remuneration to health care professionals and directs others to pay illegal remuneration to health care professionals.

14. RAJU NAKUM is an Indian citizen who is a lawful permanent resident of the United States. NAKUM is the president and registered agent of U.S. Rehab Services, P.C. as well as the registered agent of Lakeshore Home Care. NAKUM is responsible for managing the outpatient rehabilitation clinics owned and operated by BABUBHAI RATHOD. NAKUM recruits health care professionals to refer beneficiaries who receive electrodiagnostic testing, physical therapy, and home health care services that are billed to Medicare and Medicaid by one or more of the companies owned and operated by BABUBHAI RATHOD. In return for such referrals, NAKUM pays illegal remuneration to health care professionals and directs others to pay illegal remuneration to health care professionals.

15. LINO S. DIAL, Jr., D.O., is a physician licensed by the State of Michigan who is employed by Lakeshore Spine & Pain. DIAL refers beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

16. NATALIE SCHUTTE, P.A., is a physician's assistant licensed by the State of Michigan who is employed by Lakeshore Spine & Pain. SCHUTTE refers beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

17. NITI THAKUR, M.D., is a physician licensed by the State of Michigan practicing at Lansing Rheumatology, P.L.L.C., located at 6200 Pine Hollow Dr., Suite 400, East Lansing, Michigan. THAKUR refers beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

18. ANDRE BLAIR SMITH, M.D., is a physician licensed by the State of Michigan practicing at Optimum Health Clinic, 3960 Patient Care Way, #108, Lansing, Michigan. SMITH refers beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

19. MUHAMMAD SALMAN RAIS, M.D., is a physician licensed by the State of Michigan practicing at 12775 Escanaba Dr., Ste. 1, Dewitt, Michigan. RAIS refers beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

<u>CONSPIRACY TO PAY AND RECEIVE HEALTH CARE KICKBACKS</u>
(18 U.S.C. § 371)

Paragraphs 1 through 19 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

20. Beginning by 2008 and continuing to the present, in the Western District of Michigan, and elsewhere, the defendants:

BABUBHAI RATHOD, aka "Dr. Bob,"
RAJESH MAKWANA,
RAJU NAKUM,
LINO S. DIAL, Jr., D.O.
NATALIE SCHUTTE, P.A.,
NITI THAKUR, M.D.,
ANDRE BLAIR SMITH, M.D., and
MUHAMMAD SALMAN RAIS, M.D.,

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the grand jury, to commit certain offenses against the United States, that is, to violate Title 42, United States Code, Section 1320a-7b(b) by:

a. knowingly and willfully paying and offering remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring beneficiaries for the furnishing and arranging for the furnishing for any item and service for which payment may be made in whole or in part by a Federal health care program; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program.

b. knowingly and willfully soliciting and receiving remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring beneficiaries for the furnishing and arranging for the furnishing for any item and service for

which payment may be made in whole or in part by a Federal health care program; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program.

## Purpose of the Conspiracy

21. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by paying and receiving kickbacks for the referral of Medicare and Medicaid beneficiaries for electrodiagnostic testing, physical therapy and home health care services that were submitted to Medicare and Medicaid for payment.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

22. BABUBHAI RATHOD, RAJESH MAKWANA, and RAJU NAKUM would recruit health care professionals and others to refer beneficiaries to medical offices, rehabilitation facilities, and home health care companies owned and operated by BABUBHAI RATHOD for electrodiagnostic testing, physical therapy and home health care services. BABUBHAI RATHOD, RAJESH MAKWANA, and RAJU NAKUM would pay and direct the payment of kickbacks at agreed rates to co-conspirators who referred beneficiaries for electrodiagnostic testing, physical therapy and home health care services.

23. BABUBHAI RATHOD, RAJESH MAKWANA, RAJU NAKUM, and other co-conspirators falsely recorded these kickback payments as reimbursements for other expenses including mileage, medical director fees, consulting physician fees, and contractual labor.

24. LINO S. DIAL, Jr., D.O., NATALIE SCHUTTE, P.A., NITI THAKUR, M.D., ANDRE BLAIR SMITH, M.D., MUHAMMAD SALMAN RAIS, M.D., and others would refer Medicare and Medicaid beneficiaries to medical offices, rehabilitation facilities, and home health care companies owned and operated by BABUBHAI RATHOD for electrodiagnostic testing, physical therapy and home health care services in return for the receipt of kickback payments at set rates.

Overt Acts

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the conspirators committed and caused to be committed, in the Western District of Michigan, one or more of the following overt acts:

25. In or about February 2011, NITI THAKUR, M.D., referred beneficiaries for services, including physical therapy services later submitted to Medicare for reimbursement. In or about March 2011, NITI THAKUR, M.D., received a $350.00 check from U.S. Rehab Services, P.C., falsely noting a payment for "February - Medical Director" services.

26. In or about June 2011, NITI THAKUR, M.D., referred beneficiaries for services, including physical therapy services later submitted to Medicare for reimbursement. In or about July 2011, NITI THAKUR, M.D., received a $250.00 check from U.S. Rehab Services, P.C., falsely noting a payment for "Medical Director - June" services.

27. In or about April 2011, MUHAMMAD SALMAN RAIS, M.D., referred beneficiaries for services, including physical therapy services later submitted to Medicare for reimbursement. In or about May 2011, MUHAMMAD SALMAN RAIS, M.D., received a $300.00 check from U.S. Rehab Services, P.C., falsely noting a payment for "April - Medical Director."

28. In or about June 2011, ANDRE BLAIR SMITH, M.D., referred a beneficiary for physical therapy services later submitted to Medicare for reimbursement. On or about November 7, 2011 ANDRE BLAIR SMITH, M.D., received a $100.00 check from Lakeshore Spine & Pain falsely noting a payment for "August Contractual."

29. In or about July 2011, NATALIE SCHUTTE, P.A., referred beneficiaries for services, including services for electrodiagnostic testing, physical therapy, and home health care that were later submitted to Medicare for reimbursement. In or about August 2011, NATALIE SCHUTTE, P.A., received a $1,200.00 check from Lakeshore Spine & Pain, falsely noting a payment for "Mileage - July."

30. In or about June 2011, LINO S. DIAL, Jr., D.O., referred beneficiaries for services, one or more of which was submitted to Medicare and Medicaid for reimbursement. In or about July 2011, LINO S. DIAL, Jr., D.O., received a check for $600.00 from Lakeshore Spine & Pain, falsely noting a payment for "Mileage June."

31. On or about October 22, 2011, BABUBHAI RATHOD AND RAJESH MAKWANA met with a physician to solicit participation in the conspiracy. BABUBHAI RATHOD offered the physician the opportunity to receive payments that would be disguised as mileage or bonuses for referring beneficiaries for other services including home health care. RAJESH MAKWANA agreed to calculate the monthly referrals for the physician and to designate the payments for referrals as mileage expenses.

All in violation of Title 18, United States Code, Section 371 and Title 42, United States Code, Section 1320a-7b(b).

## FORFEITURE ALLEGATION
(Conspiracy to Pay and Receive Health Care Kickbacks)

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of a conspiracy to violate 42 U.S.C. § 1320a-7b(b), in violation of 18 U.S.C. § 371, the defendants,

BABUBHAI RATHOD, aka "Dr. Bob",
RAJESH MAKWANA,
RAJU NAKUM,
LINO S. DIAL, JR., D.O.,
NATALIE SCHUTTE, P.A.,
NITI THAKUR, M.D.,
ANDRE BLAIR SMITH, M.D., and
MUHAMMAD SALMAN RAIS, M.D.,

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the charged offense. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to at least $3,000,000, which represents the amount of gross proceeds traceable to the offense charged in this Indictment.

2. SUBSTITUTE ASSETS: Pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), the United States shall be entitled to forfeiture of substitute property up to the value of the above-forfeitable property if, by any act or omission of the defendants, the above-forfeitable property, or any portion thereof,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)

A TRUE BILL

_____
GRAND JURY FOREPERSON

DONALD A. DAVIS
United States Attorney

_____
RAYMOND E. BECKERING III
ADAM B. TOWNSHEND
Assistant United States Attorneys