FILED - GR
April 19, 2012 4:47 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _mkc_ / _____    SCANNED BY /MC, 4/20/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                vs.

BABUBHAI RATHOD, aka "Dr. Bob,"
RAJESH MAKWANA,
RAJU NAKUM,
SANDEEPKUMAR KANTILAL PATEL,
LINO S. DIAL, Jr., D.O.,
NATALIE SCHUTTE, P.A.,
ANDRE BLAIR SMITH, M.D.,
CLINTON JAMES CORNELL, P.A., and
JOHN ERIC ROBERTS, P.A.,

                Defendants.

_____/

No. 1:12-CR-17

Hon. Janet T. Neff
United States District Judge

SUPERSEDING INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

### The Medicare and Medicaid Programs

1.      Medicare is a federally-funded program administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency within the United States Department of Health and Human Services.  Medicare provides health insurance for, among others, persons aged 65 and older, certain younger people with disabilities, and people with end-stage renal disease.  Individuals who receive benefits under Medicare are referred to as Medicare beneficiaries.  Medicare is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

2.      The Medicare Program includes coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B).  Part A of the Medicare Program covers, among other services, certain eligible home health care costs for medical services provided to beneficiaries because of an illness or disability that causes them to be homebound.  National Government Services is a company that contracts with CMS to process and pay certain Part A claims.  Part B of the Medicare Program covers the costs of physicians' services and other ancillary services not covered by Part A.  Wisconsin Physicians Service ("WPS") is a company that contracts with CMS to process and pay certain Part B claims.

3.      Payments under the Medicare Program are often made directly to the provider of the goods or services, rather than to the beneficiary.  This direct payment occurs when the provider submits claims to Medicare for payment, either directly or through a billing company.

4.      Physicians, clinics, and other health care providers including home health agencies are able to apply for and obtain a Medicare "provider number."  A health care provider who is issued a Medicare provider number is able to file claims with Medicare to obtain reimbursement for services provided to Medicare beneficiaries.  A valid Medicare claim must set forth, among other things, the beneficiary's name, the date the service was provided, the cost of the service, and the name and identification number of the physician or health care provider who ordered the service.

5.      Medicaid is a federally-assisted grant program for the states.  CMS administers the federal assistance to Medicaid.  At the state level in Michigan, the Department of Community Health, Medical Services Administration, an agency of the State of Michigan, administers Medicaid.  Medicaid provides health insurance to Michigan residents who are indigent or otherwise do not have traditional insurance coverage.  Physicians, clinics, and other

2

health care providers including home health agencies are able to apply for and obtain a Medicaid "provider number." A health care provider who is issued a Medicaid provider number is able to file claims with Medicaid to obtain reimbursement for services provided to Medicaid beneficiaries. A valid Medicaid claim must set forth, among other things, the beneficiary's name, the date the service was provided, the cost of the service, and the name and identification number of the physician or health care provider who ordered the service. Medicaid is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

### The Defendants

6.      BABUBHAI RATHOD, a resident of Ingham County, Michigan, is the owner and operator of numerous medical offices, outpatient rehabilitation clinics, and home health care companies and was previously licensed in the State of Michigan as a physical therapist. BABUBHAI RATHOD owns and operates Lakeshore Spine & Pain, a company registered at 5511 West U.S. Highway 10, Ludington, Michigan 49431, which provides, among other things, physical medicine services. Lakeshore Spine & Pain operates a number of other health care companies, including Lakeshore Health Care Services; Lakeshore Family Practice; Lakeshore Health Park; Accessible Urgent Care; Accessible Health Center/Urgent Care; After Hours Urgent Care; and James Street Clinic Services.

7.      BABUBHAI RATHOD also owns and operates Lakeshore Visiting Physicians, a company organized under Lakeshore Spine & Pain. Lakeshore Visiting Physicians, located at 1380 East Main Street, Edmore, Michigan 48829, provides house calls and in-home medical services. Lakeshore Visiting Physicians also coordinates services such as physical therapy and home health care for its patients.

8.      BABUBHAI RATHOD also owns and operates U.S. Rehab Services, P.C., a company registered at 555 South Mission Street, Mt. Pleasant, Michigan 48858 that operates clinics throughout the State of Michigan which provide staffing and outpatient rehabilitation services. U.S. Rehab Services, P.C., also transacts business as Physical Therapy & More and Clare Physical Therapy.

9.      BABUBHAI RATHOD also owns and operates U.S. Rehabilitation Services, Inc., a company registered at 5511 West U.S. Highway 10, Ludington, Michigan 49431 that provides outpatient rehabilitation services.

10.      In addition to U.S. Rehab Services, P.C., and U.S. Rehabilitation Services, Inc., BABUBHAI RATHOD also owns and operates a number of other outpatient rehabilitation clinics throughout the State of Michigan, and elsewhere, including but not limited to the Michigan Institute of Rehabilitative Services, Mission Physical Therapy, Inc., and Emerald Physical Therapy.

11.      BABUBHAI RATHOD also owns and operates at least three home health care entities that provide home health care services to patients throughout the State of Michigan. Those entities include, but are not limited to, Lakeshore Home Health Care, Inc, a company registered at 5511 West U.S. Highway 10, Ludington, Michigan 49431; Lakeshore Home Care, Inc., a company registered at 1380 East Main Street, Edmore, Michigan 48829; and Lakeshore Home Care Services, Inc., a company registered at 1105 South Mission Street, Mt. Pleasant, Michigan 48858.

12.      BABUBHAI RATHOD paid illegal remuneration, and directed and caused others to pay illegal remuneration, to employees of his various companies and to independent health care providers for the referral of beneficiaries for electrodiagnostic testing, physical therapy, and

4

home health care services that were billed to Medicare and Medicaid by one or more of the companies owned and operated by BABUBHAI RATHOD.

13.     RAJESH MAKWANA is an Indian citizen who is working in the United States on an H-1B visa.  MAKWANA is the administrator and systems analyst at Lakeshore Spine & Pain and is the registered agent of U.S. Rehabilitation Services, Inc.  MAKWANA manages the billings done by Lakeshore Spine & Pain.  As the billing manager, MAKWANA directed billers to up-code medical services submitted by Lakeshore Spine & Pain.  MAKWANA also recruited health care professionals to refer beneficiaries for electrodiagnostic testing, physical therapy, and home health care services that were billed to Medicare and Medicaid by one or more of the companies owned and operated by BABUBHAI RATHOD.  In return for such referrals, MAKWANA paid illegal remuneration to health care professionals and directed others to pay illegal remuneration to health care professionals.

14.     RAJU NAKUM is an Indian citizen who is a lawful permanent resident of the United States.  NAKUM is the president and registered agent of U.S. Rehab Services, P.C., as well as the registered agent of Lakeshore Home Care.  NAKUM is responsible for managing the outpatient rehabilitation clinics owned and operated by BABUBHAI RATHOD.  NAKUM recruited health care professionals to refer beneficiaries for electrodiagnostic testing, physical therapy, and home health care services that were billed to Medicare and Medicaid by one or more of the companies owned and operated by BABUBHAI RATHOD.  In return for such referrals, NAKUM paid illegal remuneration to health care professionals and directed others to pay illegal remuneration to health care professionals.

15.     SANDEEPKUMAR KANTILAL PATEL is an Indian citizen who is in the United States on an H-4 visa that does not allow him to work; however, SANDEEPKUMAR

KANTILAL PATEL worked full-time as a biller for Lakeshore Spine & Pain. At the direction of RAJESH MAKWANA and BABUBHAI RATHOD, SANDEEPKUMAR KANTILAL PATEL up-coded medical services that were submitted by Lakeshore Spine & Pain to various insurance providers.

16.     LINO S. DIAL, Jr., D.O., is a physician licensed by the State of Michigan who is employed by Lakeshore Spine & Pain. DIAL referred beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

17.     NATALIE SCHUTTE, P.A., is a physician's assistant licensed by the State of Michigan who is employed by Lakeshore Spine & Pain. NATALIE SCHUTTE, P.A., referred beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

18.     ANDRE BLAIR SMITH, M.D., is a physician licensed by the State of Michigan practicing at Optimum Health Clinic, 3960 Patient Care Way, #108, Lansing, Michigan. ANDRE BLAIR SMITH, M.D., referred beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

19.     CLINTON JAMES CORNELL, P.A., is a physician's assistant licensed by the State of Michigan and currently employed at Cornell Health and Wellness/Central Michigan Urgent Care at 20 North Mission Street, Mount Pleasant, Michigan. Cornell was also previously employed by Lakeshore Spine & Pain at various times. CORNELL referred beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

20.      JOHN ERIC ROBERTS, P.A. is a physician's assistant licensed by the State of Michigan who was previously employed at Cornell Health and Wellness/Central Michigan

Urgent Care at 20 North Mission Street, Mount Pleasant, Michigan.  ROBERTS also performed contract services for Lakeshore Spine & Pain at various times.  ROBERTS referred beneficiaries to one or more of the companies owned and operated by BABUBHAI RATHOD in return for illegal remuneration.

## COUNT 1
### (Conspiracy to Pay and Receive Health Care Kickbacks)

Paragraphs 1 through 20 of the General Allegations section of this Superseding

Indictment are realleged and incorporated by reference as if fully set forth herein.

21.     Beginning by 2008 and continuing to January 24, 2012, in the Western District of

Michigan, and elsewhere, the defendants,

BABUBHAI RATHOD, aka "Dr. Bob,"
RAJESH MAKWANA,
RAJU NAKUM,
LINO S. DIAL, Jr., D.O.,
NATALIE SCHUTTE, P.A.,
ANDRE BLAIR SMITH, M.D.,
CLINTON JAMES CORNELL, P.A., and
JOHN ERIC ROBERTS, P.A.,

did knowingly and willfully combine, conspire, confederate and agree with each other and with

others known and unknown to the grand jury, to commit certain offenses against the United

States, that is, to violate Title 42, United States Code, Section 1320a-7b(b) by:

a.      knowingly and willfully paying and offering remuneration, specifically kickbacks

and bribes, directly and indirectly, overtly and covertly, in return for referring beneficiaries for

the furnishing and arranging for the furnishing for any item and service for which payment may

be made in whole or in part by a Federal health care program; and for the purchasing, leasing,

ordering, and arranging for and recommending the purchasing, leasing, and ordering of any

good, item, and service for which payment may be made in whole and in part by a Federal health

care program.

b.      knowingly and willfully soliciting and receiving remuneration, specifically

kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring

beneficiaries for the furnishing and arranging for the furnishing for any item and service for

8

which payment may be made in whole or in part by a Federal health care program; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program.

## Purpose of the Conspiracy

22.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by paying and receiving kickbacks for the referral of Medicare and Medicaid beneficiaries for electrodiagnostic testing, physical therapy and home health care services that were submitted to Medicare and Medicaid for payment.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

23.     BABUBHAI RATHOD, RAJESH MAKWANA, and RAJU NAKUM would recruit health care professionals and others to refer beneficiaries to medical offices, rehabilitation facilities, and home health care companies owned and operated by BABUBHAI RATHOD for electrodiagnostic testing, physical therapy and home health care services. BABUBHAI RATHOD, RAJESH MAKWANA, and RAJU NAKUM would pay and direct the payment of kickbacks at agreed rates to co-conspirators who referred beneficiaries for electrodiagnostic testing, physical therapy and home health care services.

24.     BABUBHAI RATHOD, RAJESH MAKWANA, RAJU NAKUM, and other co-conspirators falsely recorded these kickback payments as reimbursements for other expenses including mileage, medical director fees, consulting physician fees, and contractual labor.

25.     LINO S. DIAL, Jr., D.O., NATALIE SCHUTTE, P.A., ANDRE BLAIR SMITH, M.D., CLINTON JAMES CORNELL, P.A., JOHN ERIC ROBERTS, P.A., and others would refer Medicare and Medicaid beneficiaries to medical offices, rehabilitation facilities, and home health care companies owned and operated by BABUBHAI RATHOD for electrodiagnostic testing, physical therapy and home health care services in return for the receipt of kickback payments at set rates.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the conspirators committed and caused to be committed, in the Western District of Michigan, one or more of the following overt acts:

26.     In or about May 2011, RAJU NAKUM calculated the kickback payment to be paid to a physician for home health care referrals that the physician made between approximately January through April 2011.

27.     On or about October 27, 2008, CLINTON JAMES CORNELL, P.A., referred a beneficiary for physical therapy services that were later submitted to Medicaid for reimbursement. On or about November 6, 2008, CLINTON JAMES CORNELL, P.A., received a check for $700.00 from U.S. Rehab Services, P.C. falsely noting a payment for "Medical Exp."

28.     In or about June 2011, ANDRE BLAIR SMITH, M.D., referred a beneficiary for physical therapy services later submitted to Medicare for reimbursement. On or about November 7, 2011, ANDRE BLAIR SMITH, M.D., received a $100.00 check from Lakeshore Spine & Pain falsely noting a payment for "August Contractual."

29.     In or about July 2011, NATALIE SCHUTTE, P.A., referred beneficiaries for services, including services for electrodiagnostic testing, physical therapy, and home health care

that were later submitted to Medicare for reimbursement.  In or about August 2011, NATALIE SCHUTTE, P.A., received a $1,200.00 check from Lakeshore Spine & Pain, falsely noting a payment for "Mileage - July."

30.     In or about June 2011, LINO S. DIAL, Jr., D.O., referred beneficiaries for services, one or more of which was submitted to Medicare and Medicaid for reimbursement.  In or about July 2011, LINO S. DIAL, Jr., D.O., received a check for $600.00 from Lakeshore Spine & Pain, falsely noting a payment for "Mileage June."

31.     On or about October 12, 2011, JOHN ERIC ROBERTS, P.A., referred beneficiaries for services, one or more of which was submitted to Medicaid for reimbursement.  On or about November 11, 2011, JOHN ERIC ROBERTS, P.A. received a check for $400.00 from Lakeshore Spine & Pain, falsely noting a payment for "Contractual - October."

32.     On or about October 22, 2011, BABUBHAI RATHOD and RAJESH MAKWANA met with a physician to solicit participation in the conspiracy.  BABUBHAI RATHOD offered the physician the opportunity to receive payments that would be disguised as mileage or bonuses for referring beneficiaries for other services including home health care.  RAJESH MAKWANA agreed to calculate the monthly referrals for the physician and to designate the payments for referrals as mileage expenses.

All in violation of Title 18, United States Code, Section 371 and Title 42, United States Code, Section 1320a-7b(b).

## COUNT 2
### (Conspiracy to Commit Health Care Fraud)

Paragraphs 1 through 20 of the General Allegations section of this Superseding

Indictment are realleged and incorporated by reference as if fully set forth herein.

33.     Beginning by July 2010 and continuing through January 24, 2012, in the Western

District of Michigan, and elsewhere, the defendants,

> BABUBHAI RATHOD, aka "Dr. Bob,"
> RAJESH MAKWANA, and
> SANDEEPKUMAR KANTILAL PATEL,

combined, conspired, confederated and agreed with other persons, both known and unknown to

the grand jury, to commit the following offense against the United States: to knowingly and

willfully execute a scheme and artifice to defraud and to obtain money from Medicare, Medicaid

and Blue Cross Blue Shield of Michigan (BCBSM) by means of false and fraudulent pretenses

and representations in connection with claims submitted to Medicare, Medicaid and BCBSM for

evaluation and management services, in violation of Title 18, United States Code, Sections 1347

and 1349.

### Purpose of the Conspiracy

34.     The purpose of the conspiracy was for Lakeshore Spine & Pain to fraudulently

bill health care benefit programs and receive payments for evaluation and management services

that were not rendered as billed.

### Manner and Means of the Conspiracy

35.     In order to receive reimbursement for services rendered by the medical

practitioners at Lakeshore Spine & Pain to patients covered by a health care benefit plan,

Lakeshore Spine & Pain was required to correctly identify the service or procedure performed by

12

a code that appeared in a manual called "Current Procedural Terminology" (CPT). Payment of Lakeshore Spine & Pain's claims by health care benefit plans depended in part on the complexity of the service or procedure as reflected in the CPT code submitted on the claim form.

36.     RAJESH MAKWANA executed the scheme and artifice to defraud health care benefit programs by up-coding claims; that is, exaggerating the complexity of patient office visits performed by staff medical providers. RAJESH MAKWANA and BABUBHAI RATHOD further executed the scheme and artifice to defraud by directing others including SANDEEPKUMAR KANTILAL PATEL to up-code claims for services submitted to Medicare, Medicaid, and BCBSM, which were health care benefit programs as defined in 18 U.S.C. § 24(b), in that each was a public or private plan or contract, affecting commerce, under which any medical benefit, item, or service was provided to any individual, and included any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

37.     CPT Code 99213 is a CPT evaluation and management code for patient office visits that involve problems of low to moderate severity and typically involve a fifteen-minute, face-to-face encounter with a patient. CPT Code 99214 is a CPT evaluation and management code for patient office visits that typically involve problems of moderate to high severity and a twenty-five-minute, face-to-face encounter with a patient.

38.     Medical practitioners, at Lakeshore Spine & Pain, including physicians and physician assistants, filled out medical routing slips, sometimes referred to as super bills, that included commonly used CPT codes. The medical practitioners selected the codes based on the severity of the medical condition and the time spent with the patients.

39.     By routinely submitting claims for reimbursement that reflected a more complex or higher level of service than the service the medical practitioners noted on the super bills, and a more complex level of service than was actually provided, and directing others to do the same, RAJESH MAKWANA and BABUBHAI RATHOD fraudulently obtained higher levels of reimbursement than Lakeshore Spine & Pain was entitled to receive.

## Overt Acts

40.     In furtherance of the conspiracy, RAJESH MAKWANA directed others to enter and submit claims for evaluation and management services that were a higher level than the services indicated on the super bills and a higher level than were actually performed by the medical practitioners.

41.     In furtherance of the conspiracy, SANDEEPKUMAR KANTILAL PATEL entered and submitted a claim under CPT code 99214 to Medicare involving patient E.K. for an evaluation and management service on or about January 4, 2012 that was, in fact, designated by the medical provider as a CPT code 99213.

42.     In furtherance of the conspiracy, SANDEEPKUMAR KANTILAL PATEL entered and submitted a claim under CPT code 99214 to Medicare involving patient M.P. for an evaluation and management service on or about January 4, 2012 that was, in fact, designated by the medical provider as a CPT code 99213.

43.     In furtherance of the conspiracy, SANDEEPKUMAR KANTILAL PATEL entered and submitted a claim under CPT code 99214 to Medicare involving patient J.M. for an evaluation and management service on or about December 19, 2011 that was, in fact, designated by the medical provider as a CPT code 99213.

44.     In furtherance of the conspiracy, SANDEEPKUMAR KANTILAL PATEL entered and submitted a claim under CPT code 99214 to Medicare involving patient J.L. for an evaluation and management service on or about December 13, 2011 that was, in fact, designated by the medical provider as a CPT code 99213.

All in violation of Title 18, United States Code, Sections 1347 and 1349.

15

## COUNTS 3-8
### (Payment and Receipt of Health Care Kickbacks)

Paragraphs 1 through 20 of the General Allegations section of this Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

44.     On or about the dates set forth below, in the Western District of Michigan and elsewhere, the defendants as set forth below, did knowingly willfully offer, pay, solicit, and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare and Medicaid; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program, in violation of Title 42, United States Code, Sections 1320a-7b(b)(1) and (b)(2) and 18, United States Code, Section 2.

| Count | Defendants | Approximate Date of Kickback Payment | Medicare/Medicaid Beneficiaries Referred For Services |
|-------|------------|--------------------------------------|-------------------------------------------------------|
| 3 | BABUBHAI RATHOD, aka "Dr. Bob," RAJU NAKUM, and ANDRE BLAIR SMITH, M.D. | November 7, 2011 | D.Y. and A.J. |
| 4 | BABUBHAI RATHOD, aka "Dr. Bob," RAJU NAKUM, and CLINTON JAMES CORNELL, P.A. | November 6, 2008 | R.K. |
| 5 | BABUBHAI RATHOD, aka "Dr. Bob,"RAJU NAKUM, and CLINTON JAMES CORNELL, P.A. | September 9, 2009 | K.R. and B.L. |

| 6 | BABUBHAI RATHOD, aka "Dr. Bob," RAJU NAKUM, and CLINTON JAMES CORNELL, P.A. | September 13, 2011 | C.R. |
|---|---|---|---|
| 7 | BABUBHAI RATHOD, aka "Dr. Bob," RAJU NAKUM, and JOHN ERIC ROBERTS, P.A. | October 20, 2011 | B.M. |
| 8 | BABUBHAI RATHOD, aka "Dr. Bob," RAJU NAKUM, and JOHN ERIC ROBERTS, P.A. | November 11, 2011 | L.N and D.G. |

17

## FORFEITURE ALLEGATION
### (Conspiracy to Pay and Receive Health Care Kickbacks)

The General Allegations contained in paragraphs 1 through 20 and the allegations

contained in Count 1 of this Indictment are hereby re-alleged and incorporated by reference for

the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of a

conspiracy to violate 42 U.S.C. § 1320a-7b(b), in violation of 18 U.S.C. § 371, the defendants,

BABUBHAI RATHOD, aka "Dr. Bob",<br>
RAJESH MAKWANA,<br>
RAJU NAKUM,<br>
LINO S. DIAL, JR., D.O.,<br>
NATALIE SCHUTTE, P.A.,<br>
ANDRE BLAIR SMITH, M.D.,<br>
CLINTON JAMES CORNELL, P.A., and<br>
JOHN ERIC ROBERTS, P.A.,

shall forfeit to the United States of America any property, real or personal, which constitutes or

is derived from proceeds traceable to the charged offense.  The property to be forfeited includes,

but is not limited to, the following:

1.      MONEY JUDGMENT: Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461(c), a sum of money equal to at least $3,000,000, which represents the amount of gross

proceeds traceable to the offense charged in Count 1.

2.      SUBSTITUTE ASSETS: Pursuant to 21 U.S.C. § 853(p) as incorporated by 28

U.S.C. § 2461(c), the United States shall be entitled to forfeiture of substitute property up to the

value of the above-forfeitable property if, by any act or omission of the defendants, the above-

forfeitable property, or any portion thereof,

a.      cannot be located upon the exercise of due diligence;

18

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided
        without difficulty.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)

## FORFEITURE ALLEGATION

### (Conspiracy to Commit Health Care Fraud)

The General Allegations contained in paragraphs 1 through 20 and the allegations contained in Count 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of a conspiracy to violate 18 U.S.C. § 1347 in violation of 18 U.S.C. § 1349, the defendants,

BABUBHAI RATHOD, aka "Dr. Bob",
RAJESH MAKWANA, and
SANDEEPKUMAR KANTILAL PATEL,

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the charged offense.  The property to be forfeited includes, but is not limited to, the following:

1.      MONEY JUDGMENT: Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to the amount of gross proceeds traceable to the offense charged in Count 2.

2.      SUBSTITUTE ASSETS: Pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), the United States shall be entitled to forfeiture of substitute property up to the value of the above-forfeitable property if, by any act or omission of the defendants, the above-forfeitable property, or any portion thereof,

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)


A TRUE BILL


_____
GRAND JURY FOREPERSON


DONALD A. DAVIS
United States Attorney


_____
RAYMOND E. BECKERING III
ADAM B. TOWNSHEND
Assistant United States Attorneys