UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                   No. 1:12-CR-17

        vs.                     Hon. Janet T. Neff
                                      United States District Judge

BABUBHAI RATHOD, aka "Dr. Bob,"
RAJESH MAKWANA,
RAJU NAKUM,
SANDEEPKUMAR KANTILAL PATEL,
LINO S. DIAL, Jr., D.O.,
NATALIE SCHUTTE, P.A.,
ANDRE BLAIR SMITH, M.D.,
CLINTON JAMES CORNELL, P.A., and
JOHN ERIC ROBERTS, P.A.,

        Defendants.
_____/

## UNITED STATES' BRIEF ADDRESSING DEFENDANTS' MOTION TO EXTEND THE DEADLINE TO FILE SUBSTANTIVE MOTIONS AND FOR DISCOVERY RELATING TO THE PRODUCTION OF DOCUMENTS BY COOPERATING WITNESSES

### Introduction

Last month, the Court granted an adjournment of the trial date in this matter upon motion of the defendants. The Court set a trial date for November 27, 2012 and a deadline for substantive motions for August 18, 2012. The defendants have filed a motion to extend the deadline for the filing of substantive motions and a motion for discovery relating to the production of documents by cooperating witnesses.

The government expects that the processing of the essential electronic discovery will be completed within two weeks. The government also expects to be able to provide the other

discovery materials obtained to date within this same time frame.  In the meantime, consistent with this Court's directive at the last hearing, the parties have reviewed and agreed on procedures to handle potentially privileged material included in the electronic discovery, and the parties jointly request that the Court appoint a Special Master to review certain email accounts.  The parties have reviewed and agreed on the need for certain witness reports to be disclosed early in order for the defendants to evaluate the circumstances and timing of the disclosure of certain documents by cooperating witnesses to the government.  The parties disagree about the unsealing of certain procedural motions in the qui tam case, but the parties agree that this is likely an issue that the Court can likely resolve in an in camera review.

Based on these circumstances and the fact that the trial in this matter is set for the end of November 2012, the government agrees that a reasonable extension of the substantive motions deadline is reasonable.  An extension of the motion deadline will allow the government to provide the additional discovery likely by the end of this month including the electronic discovery that is being processed, allow the parties to fully evaluate this evidence, and allow the requisite time for the filing and hearing of any substantive motions well in advance of the currently scheduled trial date.

## Argument

The government agrees with defendant Cornell's motion for additional time to file substantive motions.  The government also agrees to provide the discovery, including the early disclosure of witness statements, requested by defendant Rathod in order for the defense to evaluate any grounds to suppress certain documents obtained by the government from the

cooperating witnesses.  The government provides the following discovery status for the Court to evaluate these motions, to address the parties' joint request for appointment of a Special Master, and for the Court to be advised of the course of the parties' efforts to address the discovery in this matter.

A. **Audio And Video Tape Recordings Occurring Before Charges Were Filed And After Charges Were Filed**

The government provided digital copies of the audio and video tape recordings made during the initial investigation to each defense counsel following the filing of their respective appearances.  The government investigation also involved additional recordings after charges were filed.  One set of such recordings involved a cooperating defendant and an uncharged party. This recording will be provided to the defense by the end of the month.  The government provided to defendant Rathod's counsel copies of a second set of audiotapes involving defendant Rathod made during a separate obstruction investigation that followed Rathod's initial appearance in court.  After defendant Rathod's counsel confirms that there is not any privileged material on this recording, the recording will be shared with the prosecution team and provided to the rest of the parties.

B. **Bank Records**

The government subpoenaed bank records from defendant Rathod's companies before the search warrant was executed.  The government scanned and turned over these records to the defense.  During the continuing investigation following indictment, the government has obtained additional bank and financial records, has scanned those records, and will turn over these records likely by the end of this week and certainly by the end of the month.

C. **Medicare and Medicaid Data**

The government provided the underlying Medicare data involving defendant Rathod's various companies in the initial discovery production following the filing of counsels' appearances.  The government received more Medicare and Medicaid data in preparation for trial and expects to provide this data likely by the end of the week.  The government has one pending additional data request outstanding and will provide that information to the defense when it is received.

D. **Physical Evidence In Addition To The Evidence Seized From The Twenty-Four Search Sites**

In addition to the documents seized from the twenty-four search sites, the government obtained other documents from the qui tam relators, cooperating defendants/targets, and other witnesses.   The documentary evidence that the relators provided as part of the qui tam has been unsealed and provided to the defense.  The government has obtained, and continues to obtain, other documents through cooperating defendants/targets and witnesses.  These documents were provided both voluntarily and obtained pursuant to subpoena.  These documents have now been Bates stamped and will be provided to defense counsel by the end of the month.

Defendant Rathod has moved for additional discovery relating to the production of such documents by cooperating witnesses in order to evaluate whether any of the documents were produced under circumstances supporting an argument that cooperating witnesses were acting as agents of the government.  In order to address this request, the government agrees to provide early disclosure of witness reports and other documents related to the production of the documents by the cooperating witnesses and intends to do so by the end of the month.

4

E.    **Digital Evidence Imaged From The Search Warrants**

Consistent with representations at the last hearing, the government sent certain computer images to the FBI headquarters to be processed.  These computers were imaged pursuant to the search warrants but needed to be further processed to be in a readable format.  The computer images included the images from the computers believed to be used by defendants Rathod, Makwana, Nakum, and two of the cooperating witnesses.  The FBI previously informed the U.S. Attorney's Office that the images of two of the computers were believed to be compromised and unavailable to be processed; however, the FBI now believes that the images are readable and will be processed.  More recently, the FBI has informed the U.S. Attorney's Office that one of the computers has been processed.  The government is pushing the FBI on the processing and expects that the processing of the other several critical computer images will be completed by the end of the month, or shortly thereafter.  The government then intends to work with defense counsel to find the best way to share this information, including copying the processed images onto hard drives that can be used by the defense.

F.    **Email Accounts Obtained By Subsequent Search Warrant, Review By A Government Taint Attorney, And The Appointment of A Special Master**

The ongoing investigation of this matter identified numerous email accounts implicated in both the charged conduct and other criminal conduct.  On May 30, 2012, law enforcement obtained a search warrant for six email accounts, including the email accounts belonging to defendants Rathod, Nakum, and Makwana.  Counsel for the government advised defense counsel of this search warrant and further advised that the government would inform defense counsel

5

when this information was received given that the email accounts would likely included attorney-client privileged communications.

The government has just received the first set of processed email accounts which are not believed to contain privileged information. The government expects to receive the processed email accounts relating to Rathod, Nakum and Makwana next week. In consultation with defense counsel, the parties are in agreement that the email accounts not believed to contain privileged information (the accounts of two cooperating witnesses and the account used by employees at the Edmore office of one of defendant Rathod's companies) be screened by a "taint attorney" at the U.S. Attorney's Office. The email accounts are reportedly searchable; therefore, the taint attorney can perform an initial screening of each email account to determine whether, in fact, there may be any potentially privileged communications. If the screening does not reveal privileged content, then the email accounts will be immediately available to defense counsel and the government's trial team. If there are privileged emails, then the taint attorney will filter out such communications.

Based on the representations of defense counsel, the government has reason to believe that the email accounts of defendants Rathod, Nakum, and Makwana not only contain privileged communications but that these privileged communications include communications about the pending criminal case. This situation is rather unique given that the search warrant for the email accounts was executed months after the defendants' initial appearance. Under these unique circumstances, the government is sensitive to defense concerns that even a government taint attorney, who is not a part of the government trial team, should still not be reviewing attorney-client communications about the pending charges. The government agrees that a preferable

6

method of screening the emails would be the appointment of a Special Master. Given the emails are searchable, the Special Master should be able to perform the same screening functions as a the taint attorney and provide to the parties only the emails that do not implicate any privilege. Therefore, the government and the defense jointly request the appointment of a Special Master to review the emails accounts of defendants Rathod, Nakum and Makwana that are expected to be processed and available next week.

G.    **Sealed Search Warrant Pleadings, Qui Tam Documents, And Qui Tam Pleadings**

Some of the defendants are still contending that there are search warrant documents that are sealed and have not been provided. The government remains confused by this contention given that the staff at the U.S. Attorney's Office has repeatedly checked these filings and told counsel that the filings (other than attachment D to the search warrants which contains personal patient information and was separately provided to all defense counsel) are unsealed. Counsel for the government has repeatedly asked the defense to identify which search warrant pleadings are still sealed but received no response.

As set forth above, the relators provided documents as part of their sealed qui tam filing. These documents remained sealed until June 11, 2012. The government provided copies of these documents, consisting of approximately 100 pages of records, to defense counsel on June 14, 2012. Consistent with the government's representations at the last hearing, the bulk of the additional qui tam pleadings were subsequently unsealed.

Despite the unsealing of the qui tam filings, defense counsel have reported difficulty accessing these now unsealed pleadings through the PACER system.  As a result, the government has placed copies of all the unsealed pleadings on discs that will be given to defense counsel by the end of the week.  At this point, it is the government's understanding that the only remaining sealed documents are procedural filings and documents relating to the initial sealing, or continued sealing, of the qui tam and filings and documents related to the representation of the relators.  The government strongly contends that its procedural motions in such matters remain sealed because such pleadings contain the government's investigative evaluations regarding the status of the investigation and the continuing need for a seal.  However, the government does not object to an in camera review of the remaining sealed pleadings and documents by this Court to establish whether additional discoverable materials or information needs to be disclosed.

### H.      Witness Interviews and Statements

Consistent with Rule 16, the government has provided defendants with the reports of their statements to law enforcement.  The government has interview reports of more than 100 persons.  The government now anticipates providing most witness statements to the defense sometime in October, approximately six weeks in advance of trial.

### Conclusion

Given the volume and ongoing nature of the discovery in this matter, the government does not oppose the defense motion to extend the substantive motions deadlines.  The government also agrees to provide discovery related to the production of documents by the cooperating witnesses.  Moreover, the government is on track to provide by the end of the month

8

the additional documents and data that it has continued to accumulate during its ongoing

investigation of both the criminal and civil cases.


Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney


Dated: August 22, 2012          /s/Raymond E. Beckering III
                                RAYMOND E. BECKERING III
                                Assistant United States Attorney
                                P.O. BOX 208
                                Grand Rapids, Michigan  49501
                                (616) 456-2404