United States District Court
Western District of Michigan
Southern Division

**United States of America**,

      *Plaintiff,*               Case No. 1:12-cr-17

    v.

                                Hon. Janet T. Neff
                                US District Judge

**Babubhai Rathod,** *et al*,

      *Defendants.*

---

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION
TO SUPPRESS EVIDENCE**

---

## INTRODUCTION

Defendant Babubhai Rathod seeks leave of this Court to file a motion to suppress evidence after the deadline set by this Court.[1]

Granting the present motion for leave will not cause any delay in the trial scheduled to commence on November 27, 2012 or of the hearing set for November 5, 2012 on Co-Defendants Rajesh Makwana and Clinton Cornell's Motion to Suppress (Docket No. 190) (*the Co-Defendants' Suppression Motion*).  The issues that are raised in the attached motion and brief by Defendant Rathod are the same issues that are already before this Court in Co-Defendants' Suppression Motion. As can be seen from a review of the attached motion and brief, a number of

---

[1] The government has no objection to this Court granting the present motion for leave to file the attached motion and brief. See attached Exhibit A.

the questions that have been raised regarding the search warrants issued on January 19 and 20, 2012 will not need to be addressed by this Court.[2]

In fact, Defendant Rathod's attached motion to suppress evidence and brief narrows many of the issues that were first raised by Defendant Rathod in his earlier motion for discovery related to the searches (Docket No. 184) (the *Prior Discovery Motion*) and in the Co-Defendants' Suppression Motion.

## **PROCEDURAL HISTORY**

In response to the Prior Discovery Motion, the government provided Defendant Rathod with voluminous discovery materials related to the search and the underlying offense. The Affidavit raised many questions because the primary evidence in support of the Affidavit consisted of documents obtained by unidentified cooperating witnesses. It was necessary for Defendant Rathod's counsel, James Burdick, to review the reams of discovery materials that the government produced in order to meaningfully address the search issues that were raised by the Affidavit. Mr. Burdick was not able to complete the review of the discovery materials by this Court's motions deadline of September 24, 2012. Prior to the motions deadline, Mr. Burdick contacted Assistant United States Attorney Raymond Beckering III, who agreed to not oppose an extension of the motions deadline. However, Mr. Burdick failed to file a stipulation with this Court seeking an extension of the motion deadline or to file an unopposed motion for an extension of the motion deadline. Instead, Mr. Burdick filed a motion to join in the Co-

---

[2] Exhibit 1 to the attached brief in Exhibit A is the affidavit in support of the search warrant issued by Magistrate Judge Joseph G. Scoville on January 20, 2012. Exhibit 2 to the attached brief in Exhibit A is the affidavit in support of the search warrant issued by Magistrate Judge Michael J. Hluchaniak on January 19, 2012. The affidavits are virtually identical for each search warrant. Unless indicated otherwise, any reference to the affidavits will be to the affidavit filed in support of the search warrant issued by Magistrate Judge Scoville (the *Affidavit*).

Defendants' Motion to Suppress (Docket No. 194) (the *Joinder Motion*), which this Court denied (Docket No. 195).

Defendant Rathod would submit that there is good cause for this Court to grant leave and allow him to file the attached motion and brief.

## ARGUMENT

Under Federal Rule of Criminal Procedure 12(e), motions to suppress evidence are normally waived if they are not filed by the deadline set by the Court. But the Court may grant relief from that waiver "for good cause shown." Fed.R.Crim.P. 12(e). The good cause standard is "a flexible standard heavily dependent on the facts of the particular case as found and weighed by the district court in its equitable discretion." *U.S. v. Walden,* 625 F.3d 961, 965 (6th Cir. 2010). Under Rule 12(e), a party seeking relief must "articulate some legitimate explanation for the failure to timely file." *Walden,* 625 F.3d at 965.

In order to narrow the issues related to possible 4th Amendment violations, it was necessary for Mr. Burdick to review voluminous material in a very short period of time. When he realized that he could not complete the task by the motions deadline, he sought and obtained concurrence from the government for an extension of the motion deadline. But he erred when he did not seek an extension from this Court.

The undersigned counsel has been recently retained by Defendant Rathod to file an appearance in this matter. Over the last ten days, the undersigned has (i) completed a review of all of the discovery materials submitted to date by the government; and (ii) had numerous meetings and telephone conferences with AUSA Beckering to review the search issues. As can

be seen from a review of the attached motion and brief, there is now a more focused approached and narrower arguments for this Court to address on the search issue.

Additionally, no delay to the present briefing schedule or trial will be caused by allowing Defendant Rathod to proceed with the attached motion to suppress. There is already a hearing regarding the search issues and the government has advised the undersigned that the attached motion and brief will not cause any delay in the present briefing schedule.

Finally, the undersigned notes that the Prior Discovery Motion was timely filed by Mr. Burdick. Mr. Burdick thoughtfully reviewed the Affidavit and addressed the search issues. It was only when Mr. Burdick became overwhelmed with the task of completing a review of the discovery materials that he ran afoul of this Court's deadlines.

Defendant Rathod respectfully submits that these circumstances constitute good cause and requests leave to file the attached motion and brief. The government does not object to this filing and it will not require any alteration of the schedule already put in place by this Court.

## **CONCLUSION**

For the reasons set forth above, Defendant Rathod respectfully requests that this Court grant him leave to file motion to suppress evidence and brief in support that are attached to this brief.


Date: October 11, 2012　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　**MYERS NELSON DILLON & SHIERK, PLLC**


　　　　　　　　　　　　　　　　　　　By:　　　s/J. Terrance Dillon
　　　　　　　　　　　　　　　　　　　　　　　J. Terrance Dillon (P23404)
　　　　　　　　　　　　　　　　　　　　　　　Michael P. Farrell (P57321)
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Babubhai Rathod
　　　　　　　　　　　　　　　　　　　　　　　125 Ottawa Avenue NW, Suite 270
　　　　　　　　　　　　　　　　　　　　　　　Grand Rapids, MI 49503
　　　　　　　　　　　　　　　　　　　　　　　(616) 233-9640
　　　　　　　　　　　　　　　　　　　　　　　tdillon@mnds-pllc.com